**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| LUDIVINA PEREZ-RODRIGUEZ, | ) | |
| ID # 47501-177, | ) | |
|      Movant, | ) | No. 3:16-CV-2341-L (BH) |
| vs. | ) | No. 3:13-CR-440-L (19) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|      Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251,* this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DENIED** with prejudice as barred by the statute of limitations.

**I.  BACKGROUND**

Ludivina Perez-Rodriguez ("Movant"), an inmate in the federal prison system, filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct her federal sentence. (Doc. 2.) The respondent is the United States of America ("Government").

On January 7, 2014, Movant was charged in a superseding indictment with conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841, 846. (*See* doc. 95).[1] She pleaded guilty and was sentenced to 84 months' imprisonment. (Doc. 453.) Judgment was entered on April 16, 2015. (*Id.*) She did not appeal.

Movant's § 2255 motion, received on August 12, 2016, states that it was placed in the prison mail on August 4, 2016. (No. 3:16-CV-2341-L, doc. 1.) She contends that she was not given a two-level reduction for a minor role under U.S.S.G. § 3B1.2, and that she is entitled to that reduction

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:14-CR-210-D(6).

under Amendment 794 to the sentencing guidelines.

## II.  STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005).  It states that:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
>> (1) the date on which the judgment of conviction becomes final;
>>
>> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>>
>> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  With regard to § 2255(f)(1), Movant's conviction became final on April 30, 2015, when the fourteen days for filing an appeal from the judgment elapsed.  *See* Fed. R. App. P. 4(b)(1)(A)(I); Fed. R. App. P. 26(a).  Movant does not allege that government action prevented her from filing a § 2255 petition earlier under § 2255(f)(2).  The facts supporting her claim arose when she was sentenced.  Therefore, § 2255(f)(4) does not apply.  She asserts Amendment 794 is retroactive, but her claim is not based on a right newly recognized by the Supreme Court under § 2255(f)(3).  Therefore, § 2255(f)(3) does not apply.

Because the latest of the dates under § 2255(f) is the date that Movant's conviction became

final, April 30, 2015, the one-year statute of limitations began to run from that date.  She did not file

her current § 2255 motion until August 4, 2016.[2]  It is untimely in the absence of equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional

circumstances.'"  *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000).  "The doctrine of

equitable tolling preserves a [party's] claims when strict application of the statute of limitations

would be inequitable."  *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v.*

*United States*, 44 F.3d 296, 298 (5th Cir. 1995)).  It "applies principally where [one party] is actively

misled by the [other party] about the cause of action or is prevented in some extraordinary way from

asserting his rights."  *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi*

*v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  In the context of a habeas petition

filed by a state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable

tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary

circumstance prevented a timely filing.  *Holland v. Florida*,  130 S.Ct. 2549, 2562  (2010), *citing*

*Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  "[E]quity is not intended for those who sleep on

their rights."  *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989).  Furthermore, Movant

bears the burden to show entitlement to equitable tolling.  *Phillips v. Donnelly*, 223 F.3d 797, 797

(5th Cir. 2000) (per curiam).  Courts must examine each case in order to determine if there are

sufficient exceptional circumstances that warrant equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710,

713 (5th Cir. 1999).

Movant has not demonstrated that she diligently pursued her rights or that extraordinary

circumstances prevented her from filing her motion to vacate earlier so as to warrant equitable

---

[2] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

tolling.  Her § 2255 motion is untimely.

### III.  MOTION UNDER 18 U.S.C. § 3582(c)(2)

Because Movant claims that she is entitled to a reduction of her sentence under Amendment 794, which she contends is retroactive, her § 2255 motion could be construed as arising under 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) states that a court may not modify a sentence once imposed except that–

(2)  in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commissioner pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2); *see also United States v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997).  The applicable policy statement, U.S.S.G. § 1B1.10, entitled "Retroactivity of Amended Guideline Range (Policy Statement)," provides that a reduction in a defendant's term of imprisonment is authorized under § 3582(c)(2) only if the amendment lowering the guideline range applicable to that defendant is listed in § 1B1.10(c).  USSG §1B1.10(a), p.s.; *United States v. Galvez*, 321 F. App'x 405 (5th Cir. 2009) (citing *U.S. v. Drath,* 89 F.3d 216, 217-18 (5th Cir.1996)).  If an amendment to the United States Sentencing Guidelines is not listed in U.S.S.G. § 1B1.10(c), then "a reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is *not* authorized under 18 U.S.C. § 3582(c)(2). § 1B1.10(a) (emphasis added); *see also Drath*, 89 F.3d at 217-18.

Amendment 794 amended the commentary to U.S.S.G. § 3B1.2, which provides for a

decrease in offense level for minor and minimal participants.[3]  It is not listed in § 1B1.10(c) as an amendment that can subsequently lower an applicable guideline range, so it was not made retroactive by the U.S. Sentencing Commission, and the Court does not have discretion to consider reducing Movant's sentence on this basis.  *See* USSG §1B1.10(a),(c), p.s.; *United States v. Alonzo*, 62 F. App'x 556 (5th Cir. 2003) (U.S.S.G. amendment that clarified § 3B1.2 was not listed in § 1B1.10 and could not be applied retroactively under § 3582(c)(2)); *see also United States v. Yanez*, Nos. 13CR3515-LAB1, 16CV1964, 2016 WL 4248541, * 1 (S.D. Ca. Aug. 10, 2016) ("The U.S. Sentencing Commission did not make Amendment 794 retroactive to all cases.").  Even if her claims were considered under § 3582, Movant would still not be entitled to relief.

## IV.  RECOMMENDATION

The motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 should be **DENIED** with prejudice as barred by the statute of limitations.  To the extent that the motion may be liberally construed as arising under 18 U.S.C. § 3582(c)(2), it should be denied.

**SIGNED this 16th day of August, 2016.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3]Amendment 794 did not change the text of § 3B1.2.  *United States v. Gomez-Valle*, __ F.3d ___, No. 15–41115, 2016 WL 3615688 at *3 (5th Cir. July 5, 2016).  The Fifth Circuit has not determined whether Amendment 794 is a clarifying amendment, rather than a substantive amendment, that may be considered on direct appeal.  *Id.*

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6